## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

TANK HOLDING CORP.,

    Plaintiff,

       v.

MYERS INDUSTRIES, INC.,

    Defendant.

Case No. 5:23-CV-1658

**Jury Trial Demanded**

### COMPLAINT FOR PATENT INFRINGEMENT

Tank Holding Corp. ("THC"), for its Complaint against Myers Industries, Inc. ("Myers"), states and alleges as follows:

### NATURE OF THE ACTION

1.    This is an action arising under Title 35 of the United States Code for direct and indirect infringement of U.S. Patent No. 10,308,411 ("the '411 Patent"). THC is the owner by assignment of the '411 patent, which is directed to a shell and retainer containment system for storing and transporting bottles.

2.    Myers has made, used, sold, offered to sell, and/or imported shell and retainer containment systems that infringe at least claim 1 of the '411 patent.

3.    Myers has also induced infringement of the '411 patent by others by selling shell and retainer containment systems, the use of which by others infringes at least claim 1 of the '411 patent.

## PARTIES, JURISDICTION, AND VENUE

4.    THC is a Delaware corporation with a principal place of business at 6940 O Street, Suite 100, Lincoln, Nebraska 68510.

5.    On information and belief, Myers is an Ohio corporation with a principal place of business at 1293 South Main Street, Akron, Ohio 44301.

6.    This Court has subject-matter jurisdiction over this action for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.    This Court has personal jurisdiction over Myers because Myers is incorporated in Ohio, maintains a principal place of business in this District and, on information and belief, has made, used, sold, offered to sell, and/or imported infringing instrumentalities in this District.

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1400.

## ALLEGATIONS COMMON TO ALL COUNTS

A.    **THC and the '411 Patent**

9.    THC was formed in 2008 by the merger of two longstanding companies: Northwesco, which was founded in 1939 under the name Northwest Plastics, and Snyder Industries, which was founded in 1957 as a fiberglass repair shop. Today, THC manufactures and sells a wide variety of storage tanks and other containers for use in agricultural, industrial, material-handling, intermediate-bulk-container refuse & recycling, and water & wastewater applications.

10.    On June 4, 2019, the '411 Patent, entitled "Shell and Retainer Containment System for Dual Bottles," was duly and lawfully issued by the United States Patent and

Trademark Office. THC is the owner by assignment of all right, title, and interest in and to the '411 Patent, including all right to recover for any and all infringement thereof. The '411 Patent is valid and enforceable. A true copy of the '411 Patent is attached as Exhibit A.

11.     The claims of the '411 Patent are directed to a shell and retainer containment system for storing and transporting bottles. Many bottles used to store, transport, and dispense chemicals, petroleum products, and other liquids cannot be set firmly on a flat surface because they have rounded or angled bottoms. Other bottles cannot be easily lifted and handled because they do not have handles or lifting features.

12.     Conventional containers, like boxes and crates, can be used to store and transport multiple bottles, but they do not adequately support the bottles, causing damage and spills. Such containers are also typically designed to either secure the bottles or provide easy access to them, but not both.

13.     The invention disclosed in the '411 Patent solves the problems and limitations of bottles and conventional containers used to store and transport them, by providing a shell and retainer containment system that securely supports and restrains bottles without blocking access to their filling and dispensing openings.

14.     Claim 1 of the '411 Patent recites:

A shell and retainer containment system for storing and transporting bottles, the shell and retainer containment system comprising:

an outer shell forming an open-topped central cavity for holding the bottles therein, the outer shell comprising:

a base for supporting the bottles on a ground surface;

a plurality of sidewalls extending upwards from the base; and

a top rim extending above the sidewalls, the top rim having a plurality of handles for allowing a user to lift the shell and retainer containment system by hand; and

an upper retainer comprising:

a brace having an access opening for providing access to bung openings of the bottles, the brace being configured to be positioned above the bottles when bottles are positioned in the open-topped central cavity of the outer shell; and

a plurality of corner reinforcements extending upwards from the brace and being configured to be connected to the outer shell for securing the bottles in the open-topped central cavity.

**B.     Myers and Its Infringing Instrumentalities**

15.     Myers is THC's competitor in the market for shell and retainer containment systems. Under its Elkhart Plastics brand, Myers makes, uses, sells, offers to sell, and/or imports a competing shell and retainer containment system known as the Tuff Series 140L SVR (the "Accused Product"). A Myers brochure for the Accused Product is attached as Exhibit B.

4

16.    Myers' marketing literature for the Accused Product touts it as the "Ideal Packaging for Low-Volume Chemical Shipments" and touts it as a solution to the same problems addressed by the '411 Patent, including but not limited to ease of filling and dispensing.

17.    On July 10, 2023, an attorney for THC sent a letter to Myers advising Myers of THC's rights in the '411 Patent and advising that the Accused Product infringes those rights.

18.    Upon information and belief, Myers continues to make, use, sell, offer for sale, and/or import the Accused Product.

### COUNT I – DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,308,411

19.    THC incorporates by reference paragraphs 1–18, above, as though fully set forth herein.

20.    THC is the owner by recorded assignment of the '411 Patent, with ownership of all substantial rights therein, including the right to exclude others, to grant licenses, and to sue and recover damages and seek injunctive relief for past and future infringement of the '411 Patent.

21.    On information and belief, Myers has directly infringed and continues to directly infringe at least claim 1 of the '411 Patent by, among other things, making, using, selling, offering to sell, and importing the Accused Product.

22.    The Accused Product is a shell and retainer containment system for storing and transporting bottles. The lower portion of the Accused Product is an open-topped

outer shell that forms a central cavity for holding the bottles. The upper portion of the Accused Product is the retainer.

23.     The Accused Product's shell and retainer system includes a support base, sidewalls that extend upwards from the base, and a top rim that extends above the sidewalls. Handles allow a user to lift the Accused Product by hand. A brace is configured to be positioned above the bottles when they are in the central cavity of the Accused Product. The brace has an opening that provides access to the bottles' bung openings. Corner reinforcements extend upwards from the brace and are configured to be connected to the outer shell of the Accused Product, to secure the bottles in the central cavity.

24.     Myers is therefore liable for direct infringement of the '411 Patent pursuant to 35 U.S.C. § 271(a).

25.     As a direct and proximate consequence of Myers' infringement, THC has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, including lost profits, but in no event less than a reasonable royalty.

26.     Myers' infringement is further causing and will continue to cause THC irreparable harm, for which there is no adequate remedy at law. Unless and until enjoined by this Court, Myers will continue to infringe the '411 Patent. Under 35 U.S.C. § 283, THC is entitled to an injunction against further infringement.

27.     Additionally, Myers has received notice and, upon information and belief, knows and has known that its Accused Product infringes at least claim 1 of the '411 Patent.

28.     On information and belief, Myers has made no attempt to design around the '411 Patent. Myers' infringement was undertaken willfully and without permission or license to use the '411 Patent.

29.     On information and belief, Myers' infringement of at least claim 1 of the '411 Patent has been willful. THC has been damaged as the result of Myers' willful infringement and seeks increased damages, up to and including treble damages.

30.     THC is entitled to and claims all damages allowable by law, including injunctive relief, adequate compensation for the infringement, costs, interest, attorney fees, and for the sales of infringing Accused Product as well as the sales of accessory/ancillary products.

31.     THC further seeks a declaration that it is entitled to three times the amount of damages found or assessed pursuant to 35 U.S.C. § 284.

## COUNT II – INDIRECT INFRINGEMENT OF U.S. PATENT NO. 10,308,411

32.     THC incorporates by reference paragraphs 1–18, above, as though fully set forth herein.

33.     THC is the owner by recorded assignment of the '411 Patent, with ownership of all substantial rights therein, including the right to exclude others, to grant licenses, and to sue and recover damages and seek injunctive relief for past and future infringement of the '411 Patent.

7

34.    On information and belief, Myers has induced infringement of and continues to induce infringement of at least claim 1 of the '411 Patent by, among other things, selling the Accused Product for infringing use by others.

35.    The Accused Product is a shell and retainer containment system for storing and transporting bottles. The lower portion of the Accused Product is an open-topped outer shell that forms a central cavity for holding the bottles. The upper portion of the Accused Product is the retainer.

36.    The Accused Product's shell and retainer system includes a support base, sidewalls that extend upwards from the base, and a top rim that extends above the sidewalls. Handles allow a user to lift the Accused Product by hand. A brace is configured to be positioned above the bottles when they are in the central cavity of the Accused Product. The brace has an opening that provides access to the bottles' bung openings. Corner reinforcements extend upwards from the brace and are configured to be connected to the outer shell of the Accused Product, to secure the bottles in the central cavity.

37.    Myers is therefore liable for inducing infringement of the '411 Patent pursuant to 35 U.S.C. § 271(b).

38.    As a direct and proximate consequence of Myers' indirect infringement, THC has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief

under 35 U.S.C. § 284 adequate to compensate for such infringement, including lost profits, but in no event less than a reasonable royalty.

39.    Myers' indirect infringement is further causing and will continue to cause THC irreparable harm, for which there is no adequate remedy at law. Unless and until enjoined by this Court, Myers will continue to indirectly infringe the '411 Patent. Under 35 U.S.C. § 283, THC is entitled to an injunction against further indirect infringement.

40.    Additionally, Myers has received notice and, upon information and belief, knows and has known that the sale of the Accused Product induces infringement of at least claim 1 of the '411 Patent.

41.    On information and belief, Myers has made no attempt to design around the '411 Patent. Myers' indirect infringement was undertaken willfully and without permission or license to use the '411 Patent.

42.    On information and belief, Myers' indirect infringement of at least claim 1 of the '411 Patent has been willful. THC has been damaged as the result of Myers' willful indirect infringement and seeks increased damages, up to and including treble damages.

43.    THC is entitled to and claims all damages allowable by law, including injunctive relief, adequate compensation for the indirect infringement, costs, interest, attorney fees, and for the sales of infringing Accused Product as well as the sales of accessory/ancillary products.

44.    THC further seeks a declaration that it is entitled to three times the amount of damages found or assessed pursuant to 35 U.S.C. § 284.

9

## PRAYER FOR JUDGMENT AND RELIEF

Based on the foregoing, THC respectfully requests that the Court grant judgment and relief as follows:

(a) Judgment in favor of THC that Myers has directly infringed the '411 Patent;

(b) Judgment in favor of THC that Myers has induced infringement of the '411 Patent;

(c) A preliminary injunction and a permanent injunction enjoining Myers, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or privity therewith from directly or indirectly infringing the '411 Patent pursuant to 35 U.S.C. § 283;

(d) Judgment in favor of THC for all damages it has suffered as a result of Myers' direct and indirect infringement, including lost profits, costs and expenses, together with pre- and post-judgment interest thereon, and all other damages permitted under 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured and costs, and in any event an amount no less than a reasonable royalty;

(e) A determination that this case is exceptional pursuant to 35 U.S.C. § 285;

(f)   A judgment and order awarding THC its attorney fees and costs

incurred pursuant to 35 U.S.C. § 285; and

(g)   Such other relief as the Court or a jury deems just and proper.

## **JURY DEMAND**

THC demands a trial by jury of all matters to which it is entitled to a jury trial

under Fed. R. Civ. P. 38.

Respectfully Submitted,

August 25, 2023

s/ Una L. Lauricia
Steven J. Solomon, Ohio Bar No. 0076876
   ssolomon@pearne.com
Una L. Lauricia, Ohio Bar No. 0074759
   ulauricia@pearne.com
PEARNE & GORDON LLP
1801 East 9th Street, Suite 1200
Cleveland, Ohio 44114-3108
(216) 579-1700  Fax: (216) 579-6073

*Of Counsel:*
Scott R. Brown
   sbrown@hoveywilliams.com
Todd A. Gangel
   tgangel@hoveywilliams.com
   (*pro hac vice* applications forthcoming)
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
(913) 642-9050  Fax: (913) 642-9057

ATTORNEYS FOR PLAINTIFF

11